Burlington Insurance Co. v. Brockway.

## BURLINGTON INSURANCE COMPANY
### v.
### F. F. BROCKWAY.

*Fire Insurance—Policy—Interpretation of Forfeiture Clause—Vacancy.*

In an action upon an insurance policy upon a building "while occupied by assured as a country store and dwelling," which policy contained a clause providing for a forfeiture in case the building became vacant and unoccupied for more than ten days without notice to the company, etc., it is *held:* That the forfeiture did not attach when the building ceased to be occupied as a dwelling, but only in case it was not occupied at all.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Stark County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. M. SHALLENBERGER and T. G. HARPER, for appellant.

Messrs. C. C. WILSON, FRANK THOMAS and B. F. THOMPSON, for appellee.

C. B. SMITH, P. J.    This was an action in assumpsit brought by appellee against appellant on two policies of insurance, numbered respectively 12,199 and 12,200, issued to appellee on his building occupied as a store and residence, where the insurance was effected, and also upon his stock of goods in said building.    After the insurance was taken out the building and goods took fire and were destroyed, and this suit was brought to recover the value of property so destroyed.    On the trial the appellee recoved a judgment for $3,689.90.    From that judgment this appeal is prosecuted and various errors assigned upon the record.    Both policies were taken out and dated March 14, 1888.    When the policies were taken out appellee occupied the upper part of the store with his family, and used it for his residence.    About the 5th of November, 1888, appellee moved his family out of the store and moved to Galesburg, leaving his son in the store in charge of the goods and to carry on the business.    On the 27th of November, 1888, the store took fire, and both store and goods were consumed.

Policy No. 12,199 provided among other things as follows: "$1,500 on the two-story shingle roof frame building while occupied by assured as a country store and dwelling."    And as to the stock of goods it provided as follows: "$2,000 on the stock of dry goods, while contained in the above described building, occupied as a country store and dwelling."

Policy No. 12,200 provides for insurance of "$1,000 on the two-story shingle roof, frame building while occupied by assured as a country store, warehouse, dwelling or hall."    Both policies seem to be alike in all other respects.    Among the various clauses in these policies providing for forfeiture under them by the assured, is the following: "Or if the premises hereby insured are, or shall hereafter become vacant or unoccupied, for more than ten days without notice to the company in each case, and consent indorsed herein, then this policy to be void."    Another cause of forfeiture was that if the assured should refuse to submit to an examination under oath, concerning matters pertinent to the insurance and loss, then he should forfeit all rights under it.

The defendant pleaded the general issue and six special pleas, as follows:

Burlington Insurance Co. v. Brockway.

1. That the assured made false statements in his application.

2. That the assured, by his own negligence, caused his loss in the use of a kerosene lamp.

3. That the premises were not occupied as a dwelling at the time of the loss.

4. That the assured refused to submit to an examination under oath, touching his loss.

Issues were joined on those various pleas.

The proof showed that the building caught fire shortly after the store was closed, on the night of the 27th of November, 1888, and was quickly consumed. There is no proof that the assured or his son, who was then in charge of the store, was guilty of any negligence or wrong-doing, in connection with the fire.

Appellant makes its principal, if not entire, defense here, under its 3d and 4th pleas.

The 4th, and all other special pleas, involved only questions of fact, and the issues joined upon them were for the jury to try, and we see no reason for interfering with their finding upon these questions of fact involved. There is a direct conflict between the agent of appellant and appellee, upon the question as to whether appellee refused to submit to an examination under oath, as required by the terms of the policy. The jury believed appellee, and we can not say they were not justified in doing so. While the 3d plea presents a question of fact, it still remains for the court to construe the terms of the policy under the admitted fact that the building was not occupied as a dwelling house by the assured, at the time of the fire. The clause providing for a forfeiture of all, or any right under these policies on account of non-occupation of the building, does not provide for a forfeiture for a failure to occupy it as a dwelling, but for a failure to occupy it at all for any purpose without notice to the company. The company having itself selected and stated the grounds upon which the assured shall lose all benefit of assurance, and the assured having accepted the policy with such provision, the presumption will be indulged that that was the

only ground of forfeiture upon which the company intended to rely for a failure to occupy the building as stated in the contracting clause of the policy; and the company will not now be permitted to interpolate an additional ground of forfeiture by construction. In order to enable the company to have the benefit of the forfeiture specified, the proof must bring it within the very letter and terms of the forfeiting clause, and show a total abandonment or non-occupying of the building, which it entirely fails to do. The law abhors forfeitures, and will show them no mercy nor favor. These contracts of insurance are wholly prepared by the companies. They dictate and name all the terms, conditions and forfeitures of their contracts. Not even their own agents are permitted to negotiate the terms of insurance or conditions of the contracts of insurance, or in any manner to change the printed forms. The assured is a passive and helpless party in their hands, having absolutely nothing to do but accept such printed terms as the company sees fit to impose, or let his property go without insurance. There is, therefore, great justice and propriety in construing these one-sided contracts most strongly against him who prepares them in his own interest and for his own gain, and many times in terms so subtle and wary as not to be understood, and well nigh impossible to be kept and observed, on the part of the assured. These are the very maxims of the law, and are so consistent with justice and the uniform ruling of the courts everywhere, that they need no citations of authority in their support. If it be conceded that the statement in the policies concerning the character of the occupancy of the premises is to be taken as a warranty of the truth of that statement and. that the warranty has failed, and that it is not a mere description of the premises, still the parties have provided but one penalty for such breach of the warranty, viz.: the one of forfeiture of all right under the policy, in case of entire non-occupation of the premises.

After a careful examination of this record, and of the various objections urged for a reversal, we have been unable to find any error, and the judgment will therefore be affirmed.

*Judgment affirmed.*